Chvatal et al. v. Lev (Lion) Homestead Ass'n., 192 Ill. App. 271.

FRANK C. SOUHRADA and ANTON W. SCHROETER, for plaintiff in error.

JONES, KERNER & POSVIC, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

BROKERS, § 32*—*when employment must be shown.* Where a real estate broker acting for another who desires to purchase real estate approaches the owner of certain property and negotiates for the purchase thereof, no contract will be implied therefrom on the part of such owner to pay the broker for his services.

---

## Thomas Chvatal and Barbara Chvatal, Defendants in Error, v. Lev (Lion) Homestead Association, Plaintiff in Error.

### Gen. No. 19,863.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed April 22, 1915.

### Statement of the Case.

Action by Thomas Chvatal and Barbara Chvatal against Lev (Lion) Homestead Association, a corporation, to recover the withdrawal value of stock of said Association owned by the plaintiffs. The Association claimed that a voucher for the amount due was issued to them and that they indorsed it over to the treasurer as a personal loan to him, which the plaintiffs denied. After the voucher was drawn the treasurer disappeared. From a judgment for two hundred dollars, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Chvatal et al. v. Lev (Lion) Homestead Ass'n., 192 Ill. App. 271.

Q. J. CHOTT, for plaintiff in error; FRANK H. CULVER, of counsel.

JONES, KERNER & POSVIC, for defendants in error; DEWITT C. JONES, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. BUILDING AND LOAN ASSOCIATIONS, § 36*—when recovery of withdrawal value sustained. An action against a building and loan association to recover the withdrawal value of stock, defendant averred payment by means of a voucher issued to plaintiffs, who had indorsed it to defendant's treasurer as a personal loan, who in the meantime had disappeared, the evidence was held insufficient to sustain the defendant's claim, the voucher having been lost, and there being no testimony as to the genuineness of the indorsement.

2. APPEAL AND ERROR, § 479*—when objection necessary to instruction. Where the record shows that no objections of any kind were made to any part of the instructions, complaint cannot be made that the court erred in its oral instructions.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.